CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 2 1 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO., | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 5:13cv00097 |
| | ) |
| v. | ) |
| | ) |
| CYNTHIA L. KIRK, et al., | ) By: Hon. Michael F. Urbanski |
| | ) United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on a portion of defendant Cynthia L. Kirk's ("Kirk") original motion to dismiss and on Kirk's motion to dismiss the amendment complaint. Dkt. Nos. 8 & 49, respectively. For the reasons stated herein, the court will **DENY** both motions.

Kirk has a homeowner's insurance policy with plaintiff State Farm Fire and Casualty Company ("State Farm"). In this declaratory judgment action, State Farm seeks to establish that it has no duty under the policy to defend or indemnify Kirk as to certain tort claims made by Samuel Moore-Sobel, a minor suing by his next friend and mother in state court.[1] State Farm is currently providing coverage to Kirk under a reservation of rights. In its original complaint, State Farm

---

[1] Samuel Moore-Sobel and his mother Kathryn Moore are co-defendants in this declaratory judgment action. The court previously denied their motion to dismiss, Dkt. No. 28, from the bench, because, despite the Moores' assertion to the contrary, a tort plaintiff is a necessary party to an action brought by a tort defendant's liability insurer seeking a declaratory judgment that it has no obligation to provide coverage to its insured. See Mut. Assur. Soc. of Va. v. Graham, 45 Va. Cir. 528, 1998 WL 972229, at *1 (Richmond Cir. Ct. 1998). It is for this reason that the Moores are properly aligned as defendants in this case along with Kirk. See Brave Ventures, LLC v. Ambrester, 854 F. Supp. 2d 356, 358 (E.D. Va. 2012) (realigning a party as a defendant in a declaratory judgment action because "[a]s a plaintiff in a separate tort suit in state court, his sole interest in this action would be maximizing his potential recovery, and therefore establishing coverage under any and all insurance policies that could potentially compensate him, if he prevails in his lawsuit").

alleged that Kirk failed to comply with the notice requirements of the policy and that, to the extent the incident was "expected or intended," the policy excluded coverage. Dkt. No. 1.

In her first motion to dismiss, Kirk argued that the court lacked jurisdiction and, in the alternative, that the court should abstain from hearing this declaratory judgment action pursuant to the factors set forth by the Fourth Circuit in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371 (4th Cir. 1994). Those four abstention factors are:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;
> (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"; and
> (iv) whether the declaratory judgment action is being used merely as a device for "procedural fencing"—that is, "to provide another forum in a race for res judicata" or "to achieve a federal hearing in a case otherwise not removable."

Id. at 377. Focusing on the third factor, Kirk argued that there were two reasons which warranted abstention: (1) the issue of notice and (2) the issue of whether the incident was "expected or intended." The court held a hearing on the motion on March 6, 2014. The court denied Kirk's motion to dismiss in part and took it under advisement in part. Dkt. No. 40. Specifically, the court rejected Kirk's first two arguments as to jurisdiction and notice,[2] and took under advisement Kirk's argument that abstention is proper because determining whether the incident was "expected or intended" would result in entanglement with the state court determination of the willful and wanton negligence count alleged in the underlying tort action.

---

[2] The court found meritless Kirk's argument that State Farm is a citizen of Virginia for purposes of 28 U.S.C. § 1332(c)(1) because State Farm is a foreign corporation registered to conduct business in Virginia. The court likewise rejected Kirk's argument that the Nautilus decision compelled the court to abstain from addressing the question of notice. This is because "Virginia courts have extensively examined the issue of whether an insured has timely notified the insurer" and, consequently, the issue of notice "is not novel and Virginia accordingly has no exceptional, counter-veiling interest in litigating the issue in its own courts." Virginia Farm Bureau Mut. Ins. Co. v. Sutherland, No. CIV.A. 7:03CV00122, 2004 WL 356538, at *3 (W.D. Va. Feb. 25, 2004).

2

On March 20, 2014, State Farm filed an amended complaint. Dkt. No. 42. In its amended complaint, State Farm again asserts that Kirk failed to comply with the notice requirements of the policy, but drops its assertion that, to the extent the incident was "expected or intended," the policy excludes coverage. On April 10, 2014, Kirk filed a motion to dismiss to the amended complaint in which she simply adopted and incorporated her arguments, points and authorities set forth in her original motion to dismiss. Dkt. No. 49.

Because State Farm no longer asserts that, to the extent the incident was "expected or intended," the policy excludes coverage, the remaining portion of Kirk's original motion to dismiss is properly denied as moot. Furthermore, as Kirk raises no new arguments in her motion to dismiss the amended complaint, that motion is properly denied. Accordingly, an appropriate Order will be entered this day denying the remainder of Kirk's motions to dismiss.

The clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Entered: April 21, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge